ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THE RENEWAL OF NONINTOXICATING BEVERAGE LICENSES BY THE COUNTIES. BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES, THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
IN YOUR LETTER YOU ASKED, IN EFFECT, THE FOLLOWING QUESTION:
 DOES THE REPEAL OF THE WORDS "AND FIFTEEN (15) DAYS' NOTICE FOR A RENEWAL," IN 37 O.S. 163.11(E) (1991) ELIMINATE THE ISSUANCE OF THE "RENEWAL" LICENSES?
CONSIDERATION OF YOUR QUESTION REQUIRES THE EXAMINATION OF THE APPLICABLE STATUTE. THE CONTENTION OF SOME COURT CLERKS THAT OKLAHOMA NO LONGER OFFERS RENEWAL LICENSES IS CONTRADICTED BY 37 O.S. 163.11. AFTER EXAMINING THE LANGUAGE OF THE STATUTE BEFORE AND AFTER THE AMENDMENT IT IS APPARENT THAT THE AMENDED STATUTE RESCINDS ONLY THE NOTICE REQUIREMENT FOR RENEWAL PERMITS.
EVERY PERSON THAT SELLS NONINTOXICATING BEVERAGES IS STILL REQUIRED TO OBTAIN A YEARLY PERMIT. SEE 37 O.S. 163.11(A) AND 37 O.S. 163.11(B). THE REQUIREMENTS REMAIN THE SAME, INCLUDING THE TEN DOLLAR FEE. THE ONLY DIFFERENCE IS THAT IN THE PAST THERE WAS A THIRTY-DAY NOTICE REQUIREMENT FOR AN INITIAL APPLICATION LICENSE AND A FIFTEEN-DAY NOTICE REQUIREMENT FOR A RENEWAL LICENSE. UNDER THE REVISED STATUTE THE FIFTEEN-DAY NOTICE REQUIREMENT FOR A RENEWAL LICENSE IS REPEALED. BY VIRTUE OF ELIMINATION OF THE REQUIREMENT TO GIVE NOTICE, THERE IS NOTHING TO BE MAILED TO THE DISTRICT ATTORNEY, SHERIFF, OR CHIEF OF POLICE INSOFAR AS RENEWAL PERMITS ARE CONCERNED.
THERE IS NOTHING TO INDICATE A LEGISLATIVE INTENT TO DISCONTINUE SUCH LICENSES. THE AMENDMENT SIMPLY ELIMINATED THE FIFTEEN-DAY NOTICE REQUIREMENT FOR THE RENEWAL OF A NONINTOXICATING BEVERAGE LICENSE. CONSEQUENTLY, SINCE THE STATUTE PLAINLY SPEAKS, THERE IS NO ROOM FOR CONSTRUCTION OR PROVISION FOR FURTHER INQUIRY. ACCORDINGLY, THE EVIDENT MEANING OF THE STATUTE SHOULD BE ACCEPTED. JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16, 648 P.2D 26, 29 (OKLA.1982).
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE AMENDED STATUTE NOT ONLY AUTHORIZES BUT ALSO REQUIRES THE DISTRICT COURT CLERKS TO ISSUE A RENEWAL PERMIT UPON THE FILING OF AN APPLICATION AND AFFIDAVIT THAT MEETS THE REQUIREMENTS OF 37 O.S. 163.11(B)/37 O.S. 163.11(C)/37 O.S. 163.11(F) AND THE PAYMENT OF THE LICENSE FEE AND COURT COSTS PRESCRIBED BY 36 O.S. 163.11(D).
(L. MICHELLE STEPHENS)